CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
February 06, 2026
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JUSTIN MICHAEL MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25-cv-00118 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CPI MINTON, | ) | By:  Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff Justin Michael Miller, proceeding *pro se,* filed this civil-rights action under 42 U.S.C. § 1983 against Defendant CPI Minton. (*See* ECF No. 1.) Plaintiff's complaint alleges in its entirety that:

> My life was in danger[.] I pulled every string even said I wanted to cause harm to myself to get moved but he refused to do so. I had to wait til next shift to be moved to 7C.
>
> Because of my crimes[,] I feel like it[']s a hate crime considering what others get what they want and I get told otherwise.

(*See id.* at 2.) Based on these allegations, Plaintiff asks that his sentence be reduced, he be released on an ankle monitor, or he be awarded $1,500. (*Id.* at 3.) In his complaint, Plaintiff also admits that he did not file any grievances regarding the facts of his complaint "because grievances always come back as not grievable." (*Id.* at 2.)

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the complaint, or any portion of thereof, that is "frivolous, malicious, or fails to state a claim

upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Similarly, when a party has requested permission to proceed *in forma pauperis*, the court must dismiss a case upon determining that the action "(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted . . . ." *Id.* ¶ 1915(e)(2)(B).

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. Plaintiff's claims against Defendant fail to state a claim for relief because he has not alleged any unconstitutional act on behalf of Defendant. In effect, Plaintiff claims he had to wait one shift before he was transferred to another cell. But nothing in his complaint demonstrates that waiting one shift was unreasonable or caused him to face an unreasonable risk of harm. Plaintiff cites no constitutional provision he claims Defendant violated and, without more, the court cannot find that Plaintiff's allegations amount to a constitutional or statutory violation of any kind.

Plaintiff's claims further fail because, taking Plaintiff's allegations as true, he did not exhaust administrative remedies before filing suit. *See Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies."). Plaintiff admits in his complaint that he did not even attempt to exhaust available administrative remedies before filing suit, and therefore, his failure to exhaust is apparent on the face of the complaint. *Id.* at 362.

For these reasons, Plaintiff cannot proceed with his claims against Defendant, and this action will be dismissed without prejudice under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) for failure to state a claim for which relief may be granted.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 5th day of February, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE